UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OJ'S JANITORIAL AND SWEEPING<br>    SERVICES, L.L.C. AND OTIS JONES, SR. | CIVIL ACTION |
| | NO. 16-02540 |
| VERSUS | |
| SYNCOM SPACE SERVICES, L.L.C. AND<br>PAE APPLIED TECHNOLOGIES, L.L.C. | SECTION N |

**ORDER AND REASONS**

Presently before the Court is a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Syncom Space Services, LLC and PAE Applied Technologies, LLC (Rec. Doc. 9).  With their motion, Defendants seek dismissal of the racial discrimination damage claims that Plaintiff Otis Jones Sr. ("Mr. Jones"), an African-American, has filed against them under 42 U.S.C. §1981. Neither plaintiff in this action has filed a memorandum in opposition to Defendants' motion as required by Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana.  In any event, having carefully considered Defendants' submission, the record in this matter, and applicable law, the Court finds Defendants' motion to have merit for essentially the reasons stated in the supporting memorandum.

In short, when a business entity asserts a §1981 discrimination claim, the owners or shareholders of that entity do not likewise have standing to assert a parallel individual claim given that, under those circumstances, it is the rights of the business entity, rather than the

1

individual rights of the business owner, that allegedly have been infringed.  *See, e.g, Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990);  *see also Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary LP*, 48 F. App'x 103, 2002 WL 31016499, *3 (5th Cir. 2002) ("The plaintiffs, as individuals, have no standing to assert Triad [Anesthesia Group, PLLC's] claims.");  *Bellows v. Amoco Oil Co.*,118 F.3d 268, 277 (5th Cir. 1997) (if "the record [does not] reflect, any violation of [a plaintiff's] rights . . . differ[ing] from the violations claimed by [plaintiff's company] against [defendant] . . . [then plaintiff] has no individual cause of action under section 1981 against [defendant]");  *Gregory v. Mitchell*, 634 F.2d 199, 200 (5th Cir. 1981) ("[A] stockholder cannot maintain an action under the Civil Rights Act for damages suffered *by a corporation* in which he owns shares.") (Emphasis added).  Such is the situation here relative to Plaintiff Otis Jones Sr.'s §1981 damage claims. Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED**.  **IT IS FURTHER ORDERED** that the §1981 damage claims asserted herein by Plaintiff Otis Jones Sr. are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 4th day of August 2016.

**KURT D. ENGELHARDT**
**United States District Judge**