# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OJ'S JANITORIAL AND SWEEPING SERVICE, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-02540** |
| **SYNCOM SPACE SERVICES, LLC, ET AL** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion to Amend Complaint (R. Doc. 22)** filed by Plaintiff OJ's Janitorial Sweeping Service, LLC seeking permission from the Court to file a seconded amended complaint. The motion is opposed. R. Doc. 27. The motion was submitted on May 10, 2017. For the following reasons, the motion is **GRANTED.**

## I. Background

This action was filed in the District Court on March 29, 2016 asserting claims under 42 U.S.C. § 1981 and the Louisiana Unfair Trade Practices Act. R. Doc. 1. The Plaintiffs Otis Jones and OJ's Janitorial Sweeping Service, LLC ("OJ's Janitorial") alleges that Syncom Space Services, LLC ("S3") was formed in order to bid on a Synergy Achieving Consolidated Operations and Maintenance contract ( the "contract") at two NASA facilities. *Id.* at p. 3. The Plaintiffs allege that S3 and PAE Applied Technologies, LLC ("PAE") contacted the Plaintiffs seeking to have OJ's Janitorial participate in the bidding process for the custodial work to be performed. *Id.* at p. 3-4. The Plaintiffs allege that S3 and PAE was motivated to involve the Plaintiffs in order for their overall bid to be comprised of three precent HUBZone-certified small businesses as well as to appear to be a promoter of diversity given that OJ Janitorial's is HUBZOne-certified and owned by an African American. *Id.* at p. 5. The Plaintiffs further allege that S3 and PAE's interest in

1

awarding the custodial work to OJ's Janitorial was merely a charade to ultimately award the contract to Madison Services, Inc., a white-owned company. *Id.*

After S3 received the contract, S3 and PAE allegedly informed Jones and OJ's Janitorial that it was no longer being considered for the custodial work as a result of a bidding mistake. *Id.* at p. 7. The Plaintiffs also allege that that they were lied to again by the Defendants when they stated that OJ's Janitorial was withdrawn from consideration because of Jones's unprofessional conduct. *Id.* at p. 8. Moreover, after removing OJ's Janitorial from consideration, Madison was ultimately awarded the custodial work.

As such, the Plaintiffs asserted claims under 42 U.S.C. § 1981 and the Louisiana Unfair Trade Practices Act. On April 28, 2016, the Plaintiffs filed an amended complaint seeking $300,000 in punitive damages against each defendant for each plaintiff under 42 U.S.C. § 1981a(b)(3)(D) for a total of $1,200,000.00. On August 4, 2016, the District Court dismissed Jones's claims to § 1981 damages. R. Doc. 12.

At this time, Plaintiff OJ's Janitorial seeks to file a second amended complaint in order to assert an additional action for breach of contract as well as dismiss the allegations in the amended complaint limiting OJ's punitive damages. R. Doc. 22. The Plaintiff argues that it should be allowed to file this amended complaint because it only recently became aware of a Teaming Agreement between the Plaintiff and PAE that creates this alternate avenue of relief and it was through its counsel's previous misunderstanding of punitive damages under § 1981 that it capped its damages. R. Doc. 22-1.

The Defendants have opposed the motion arguing that it should be denied because it is untimely and because the Plaintiff has not demonstrated good cause for the untimely amendment. R. Doc. 27. In particular, the Defendants argue that the Plaintiff has not demonstrated good cause

because: (i) the Plaintiff has been aware of the Teaming Agreement that gives rise to its breach of contract claim well before the deadline to amend; and (ii) the amended claim would seriously prejudice the Defendants given the increase in punitive damages claimed from $1,200,000 to $12,000,000. *Id.* at p. 1.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III. <u>Analysis</u>

Here, OJ's Janitorial seeks to file an amended complaint that assert an additional action for breach of contract as well as dismiss the allegations in the amended complaint limiting OJ's punitive damages. R. Doc. 22. As an initial matter, the Court notes that the District Court has previously set a deadline for the amendment of pleadings on March 2, 2017. R. Doc. 18. Because the instant motion to amend was filed after this date, the motion is governed by Federal Rule of Civil Procedure Rule 16(b) and OJ's Janitorial must first demonstrate good cause for the untimely amendment. *S & W Enterprises*, 315 F.3d at 536.

#### A. Rule 16(b)

Here, the Court finds that good cause exists as to grant the untimely the amendments. First, OJ's Janitorial has explained that the reason for the amendment at this time comes in with two

seeming oversights made by its attorney. R. Doc. 22. As to the breach of contract claim, OJ's Janitorial claims to not have previously asserted its breach of contract claim because it only recently became aware of the significance of the Teaming Agreement as a potential claim following discovery in late February and recent depositions. R. Doc. 22-1, p. 5. In this regard, the Defendants argue that this delay is unacceptable because the Teaming Agreement was produced in September 2016 and that the agreement has actually been in the Plaintiffs possession since May 2014 when a corporate representative of the Plaintiffs signed it. R. Doc. 27. To this extent, the Court agrees that the Plaintiff's explanation is lacking. The Plaintiff's failure to previously identify this cause of action from a document produced more than five months prior to the deadline does not strike the Court as a sufficient explanation to justify good cause.

Similarly, OJ's Janitorial explains that it now seeks to amend its claim for punitive damages under § 1981 because of a misunderstanding of such claims by its lawyer. R. Doc. 22-1, p. 6. In particular, the Plaintiff's attorney incorrectly believed that Title VII statutory caps were applicable in this case when they are not. *Id.* Again, this explaination does not strike the Court as good cause to grant the untimely amendment. However, the Court still finds good cause to allow the amendment given the other factors.

Second, the Court finds the amendments to be of relative importance. Certainly, the breach of contract claim raises a new and/or alternative remedies for relief which are not countenanced by the current complaint. *See S & W Enterprises*, 315 F.3d at 536-37. Similarly, the amendment to the punitive damages claim removes the inappropriate cap on the amount of punitive damages sought by OJ's Janitorial. Certainly, the amendments are not merely serving as additional notice nor fail to add anything to the complaint. *See Schubert Marine Sales,* 2003 WL 21664701.

Finally, the Court finds that there would be no potential prejudice to allowing the amendment. Trial has been set for December 4, 2017. R. Doc. 18. Moreover, the discovery deadlines is still close to five months away on October 5, 2017. *Id.* While these amendments do enlarge the claims at issue as well as the amount of potential damages, there is plenty of time to allow for additional discovery as needed to respond to these amendments. Moreover, the amendments certainly do not appear to countenance any different factual discovery than the claims already at issue. Moreover, the Court notes that given the current trial date further continuances as necessary to allow for discovery to cure any potential prejudice would not unnecessarily delay the trial. As such, the Court finds that there is good cause to allow the amendment.

**B. Rule 15(a)**

Once the movant has demonstrated good cause to meet the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a). As an initial matter, the Court notes that there is no evidence that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted).

Moreover, the Court does not find that the amendments would be futile. *Id.* An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). Both the amendments concerning the breach of

contract claim as well as the correction to the punitive damages taken with the complaint as a whole provide enough information to be plausible on its face and "nudged [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, the Court finds that the Plaintiffs have met the low bar needed to amend under Rule 15(a).

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Amend Complaint (R. Doc. 22)** is **GRANTED**.

New Orleans, Louisiana, this 12th day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**