UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OJ'S JANITORIAL AND SWEEPING SERVICE, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-02540** |
| **SYNCOM SPACE SERVICES, LLC, ET AL** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 32)** filed by Plaintiff O.J.'s Janitorial Sweeping Service Service, LLC ("Plaintiff") seeking an order compelling the Defendants, Syncom Space Services, LLC ("S3") and PAE Applied Technologies, Inc. ("PAE") (collectively "Defendants") to more fully respond to the Plaintiff's Supplemental Request for Production No. 2. The motion is opposed. R. Doc. 37.

Additionally, before the Court is a **Motion to Quash and for Protective Order (R. Doc. 33)** filed by the Defendants seeking an order to quashing the Plaintiff's Supplemental Request for Production No. 2 and for a protective order excluding the information sought form discovery. The motion is also opposed. R. Doc. 36. Both motions were submitted on July 19, 2017 and heard with argument that same day.

**I.   Background**

This action was filed in the District Court on March 29, 2016 asserting claims under 42 U.S.C. § 1981 and the Louisiana Unfair Trade Practices Act. R. Doc. 1. The Plaintiffs Otis Jones and OJ's Janitorial Sweeping Service, LLC ("OJ's Janitorial") alleges that Syncom Space Services, LLC ("S3") was formed in order to bid on a Synergy Achieving Consolidated Operations and Maintenance contract ( the "contract") at two NASA facilities. *Id.* at p. 3. In particular, the Plaintiffs were to perform custodial services and other work at the Michoud Assembly Facility.

1

The Plaintiffs allege that S3 and PAE Applied Technologies, LLC ("PAE") contacted the Plaintiffs seeking to have OJ's Janitorial participate in the bidding process for the custodial work to be performed. *Id.* at p. 3-4. The Plaintiffs allege that S3 and PAE was motivated to involve the Plaintiffs in order for their overall bid to be comprised of three precent HUBZone-certified small businesses as well as to appear to be a promoter of diversity given that OJ Janitorial's is HUBZone-certified and owned by an African American. *Id.* at p. 5. The Plaintiffs further allege that S3 and PAE's interest in awarding the custodial work to OJ's Janitorial was merely a charade to ultimately award the contract to Madison Services, Inc., a white-owned company. *Id.*

After S3 received the contract, S3 and PAE allegedly informed Jones and OJ's Janitorial that it was no longer being considered for the custodial work as a result of a bidding mistake. *Id.* at p. 7. The Plaintiffs also allege that that they were lied to again by the Defendants when they stated that OJ's Janitorial was withdrawn from consideration because of Jones's unprofessional conduct. *Id.* at p. 8. Moreover, after removing OJ's Janitorial from consideration, Madison was ultimately awarded the custodial work. As such, the Plaintiffs asserted claims under 42 U.S.C. § 1981 and the Louisiana Unfair Trade Practices Act as well as a breach of contract claim.

At this time, the Plaintiff has filed a motion to compel and the Defendants have filed a cross motion to quash and for protective order in connection to the Plaintiff's Supplemental Request for Production No. 2. R. Doc. 32; R. Doc. 33. In particular, the Plaintiff's Supplemental Request seeks information related to the subcontracts, performance reviews, and other information or correspondence that the Defendants had with Madison in connection with the work to be performed at the Michoud Assembly Facility. R. Doc. 33-4.[1] The Plaintiff argues that this

---

[1] The Plaintiff has specifically abandoned any request for information related to the subcontracts in connection with Stennis Space Center or the Michoud Assembly Facility ground work subcontract. R. Doc. 36, p. 6.

information is relevant in proving what its damages are; in consindering the conduct of Madison given that the Defendants allege that the Plaintiff's unprofessional conduct was tied to the end of the contract; and in determining the exact scope of the work that the Plaintiff would have performed under his contract.

In turn, the Defendants argue that the requests are irrelevant. R. Doc. 33. Aside from the fact that Madison was a non-minority company, the Defendants argue that the contract with Madison is irrelevant given that the scope of work to be performed by Madison was completely different given that Madison was to perform not only the custodial work at Michoud Assembly Facility but also the ground work there as well as custodial and ground work at Stennis Space Center. R. Doc. 33-1, p. 7. At this time, the Defendants have further clarified that they have produced certain responsive documents. R. Doc. 46.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. Analysis

At this time, the Plaintiff has filed a motion to compel and the Defendants have filed a cross motion to quash and for protective order in connection to the Plaintiff's Supplemental Request for Production No. 2. R. Doc. 32; R. Doc. 33. However, during oral argument and in supplemental briefing, the Defendants have clarified that they have produced responsive documents, including payment information, to Request Nos. 28 and 29. R. Doc. 46. As such, the documents Requests Nos. 30-33 appear to be the remaining discovery requests at issue. Those request seek:

REQUEST FOR PRODUCTION NO. 30

All emails, correspondence, memoranda, electronically stored information or similar material concerning defendants' assessment, evaluation or review of Madison's performance under the sub contracts.

REQUESTS FOR PRODUCTION NO. 31:

All emails, correspondence, memoranda, electronically stored information or similar material to and from the National Aeronautics and Space Administration ("NASA") in any way dealing with Madisons' performance under the subcontracts.

REQUESTS FOR PRODUCTION NO. 32:

All emails, correspondence, memoranda, electronically stored information or similar material to and from the United States Department of Agriculture ("USDA") in any way dealing with Madisons' performance under the subcontracts.

REQUEST FOR PRODUCTION NO. 33

All emails, correspondence, memoranda, electronically stored information or similar material to and from any officer, director, manger, employee or agent of

5

    Madison to and from any officer director, manager employee or agent taking place after February 1, 2016.

R. Doc. 33-6.

  All the information being requested in these discovery requests concern either Madison's performance under the contract or its dealings with the Defendants *after* Madison took over the subcontract from the Plaintiffs. Discovery under Federal Rule of Civil Procedure 26(b)(1) must be both relevant and proportional, including a consideration of the importance of the discovery to resolving the issues in the litigation. It is unclear how important—if at all—Madison's performance or any communication after it took over the subcontract is or how relevant any of that information would be given that the issue at play in this litigation are related to the Defendants' alleged discriminatory termination of the Plaintiff. Therefore, the Court grants the motion to quash and for protective order and denies the motion to compel.

## IV. <u>Conclusion</u>

  Accordingly,

  **IT IS ORDERED** that Plaintiff's **Motion to Compel (R. Doc. 32)** is **DENIED.**

  **IT IS FURTHER ORDERED that** the Defendant's **Motion to Quash and for Protective Order (R. Doc. 33)** is **GRANTED.**

          New Orleans, Louisiana, this <u>19th</u> day of July 2017.

              **KAREN WELLS ROBY**
          **CHIEF UNITED STATES MAGISTRATE JUDGE**